

FILED
SEP 04 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH SMITH, <br> a.k.a. ELIJAH SMITH WEEKS, <br><br> Petitioner, <br><br> v. <br> U.S. PAROLE COMMISSION, <br><br> Respondent. | Civil Action No. 19-2389 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on Joseph Smith's application to proceed *in forma pauperis* and his petition for a writ of habeas corpus. For the reasons discussed below, the Court grants the application and denies the petition.

In 2008 in the Superior Court of the District of Columbia, the petitioner was convicted of assaulting a police officer and sentenced to an 18-month term of incarceration followed by a three-year term of supervised release. While on supervised release, petitioner was convicted in New York for possession of a controlled substance, and he now is serving a 12-year term of incarceration in New York State. The United States Parole Commission's violation warrant has been lodged as a detainer. He seeks an order directing the Parole Commission to dispose of the detainer.

The petitioner is not entitled to the relief he requests. The Parole Commission is under no obligation to execute the warrant prior to the expiration of the petitioner's current sentence, as the "execution of the warrant and custody under that warrant [is] the operative event triggering any loss of liberty attendant upon parole revocation." *Moody v. Daggett,* 429 U.S. 78, 87 (1976).

And because the petitioner is not currently detained pursuant to the parole violator warrant, he has no due process right to a revocation hearing at this point in time. *See Calloway v. District of Columbia Bd. of Parole*, 103 F. App'x 740, 741 (4th Cir. 2004) (per curiam) ("There is . . . no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant"); *Munn Bey v. U.S. Parole Comm'n*, 824 F. Supp. 2d 144, 146 (D.D.C. 2011) (concluding that "the Parole Commissioner merely acted in accordance with applicable regulations, permitting a parole violator warrant to be placed as a detainer, and permitting the Commission to execute the warrant and hold a revocation hearing when the parolee is later released"); *Nelson v. Williams*, 750 F. Supp. 2d 46, 51 (D.D.C. 2010), *aff'd per curiam,* No. 10-5429, 2011 WL 2618078 (D.C. Cir. June 23, 2011), *cert. denied*, 565 U.S. 1126 (2012)

An Order accompanies this Memorandum Opinion.

DATE: Sept. 3rd, 2019

_____
United States District Judge